UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA DE LA TORRE, an individual,<br><br>                Plaintiff,<br><br>  v.<br><br>LEGAL RECOVERY LAW OFFICE, a corporation, and DOES 1-10,<br><br>                Defendants. | Civil No.   12-cv-2579-LAB (DHB)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>**[ECF No. 64]** |

On March 17, 2014, Plaintiff Marta De La Torre filed a document entitled Joint Motion Regarding Discovery Dispute of Initial Disclosures. (ECF No. 64.) However, as the Court recognized in its March 18, 2014 order (ECF No. 66), the document was not filed jointly by both parties. Indeed, the document did not include Defendant Legal Recovery Law Office's position(s) with respect to the instant dispute. Accordingly, the Court ordered Defendant to file a response to Plaintiff's arguments no later than March 21, 2014. (*Id.*) Notwithstanding the Court's order, Defendant did not file a response. The Court now issues the following order resolving the parties' dispute concerning initial disclosures.

## I. BACKGROUND

As set forth in the operative Second Amended Complaint (ECF No. 44), Plaintiff brings this action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and its state-law counterpart, the Rosenthal Fair Debt Collection

1 | Practices Act, Cal. Civ. Code § 1788, *et seq.* Plaintiff alleges Defendant's agents
2 | attempted to collect a consumer credit card debt from Plaintiff using various unfair debt
3 | collection methods, including "about a dozen calls" from Defendant's agents that were
4 | improper and abusive.

On December 17, 2013, Magistrate Judge William McCurine, Jr. held an Early Neutral Evaluation Conference following which he issued an order setting Rule[1] 26 dates and scheduling a Case Management Conference. (ECF No. 47.) In that order, Judge McCurine required Defendant to produce, as part of its Rule 26(a)(1) initial disclosures, "account notes, collection logs, phone bills and practice and procedure manuals." (*Id.* at 2:6-7.) The instant dispute concerns Defendant's obligation to produce "phone bills" in compliance with Judge McCurine's order.

This matter was transferred to the undersigned Magistrate Judge on January 31, 2014 due to Judge McCurine's retirement. (ECF No. 62.)

## II. DISCUSSION

Plaintiff contends Defendant has failed to comply with Judge McCurine's order requiring production of phone bills, despite several attempts to meet and confer. Plaintiff contends Judge McCurine's order did not require that a protective order be entered prior to the production of phone bills, or that the phone bills be redacted. Plaintiff further contends the phrase "phone bills" is not vague and ambiguous, as argued by Defendant's counsel during the meet and confer process.

Plaintiff seeks an order, pursuant to Rule 37(a)(3)(A)[2], compelling Defendant to make the disclosure of phone bills previously ordered by the Court. Plaintiff also contends the self-executing provisions of Rule 37(c)(1) are applicable and that Defendant

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Plaintiff actually cites to non-existent Rule 37(a)(2)(A). (*See* ECF No. 64 at 4:6-8.) The Court interprets Plaintiff's intent to be a reference to Rule 37(a)(3)(A), which states: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." In addition, Plaintiff's reference to Rule 27(a) (*see* ECF No. 64 at 4:6-11) appears misplaced. The Court believes Plaintiff intended to refer to Rule 26(a).


Practices Act, Cal. Civ. Code § 1788, *et seq.* Plaintiff alleges Defendant's agents attempted to collect a consumer credit card debt from Plaintiff using various unfair debt collection methods, including "about a dozen calls" from Defendant's agents that were improper and abusive.

On December 17, 2013, Magistrate Judge William McCurine, Jr. held an Early Neutral Evaluation Conference following which he issued an order setting Rule[1] 26 dates and scheduling a Case Management Conference. (ECF No. 47.) In that order, Judge McCurine required Defendant to produce, as part of its Rule 26(a)(1) initial disclosures, "account notes, collection logs, phone bills and practice and procedure manuals." (*Id.* at 2:6-7.) The instant dispute concerns Defendant's obligation to produce "phone bills" in compliance with Judge McCurine's order.

This matter was transferred to the undersigned Magistrate Judge on January 31, 2014 due to Judge McCurine's retirement. (ECF No. 62.)

## II. DISCUSSION

Plaintiff contends Defendant has failed to comply with Judge McCurine's order requiring production of phone bills, despite several attempts to meet and confer. Plaintiff contends Judge McCurine's order did not require that a protective order be entered prior to the production of phone bills, or that the phone bills be redacted. Plaintiff further contends the phrase "phone bills" is not vague and ambiguous, as argued by Defendant's counsel during the meet and confer process.

Plaintiff seeks an order, pursuant to Rule 37(a)(3)(A)[2], compelling Defendant to make the disclosure of phone bills previously ordered by the Court. Plaintiff also contends the self-executing provisions of Rule 37(c)(1) are applicable and that Defendant

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Plaintiff actually cites to non-existent Rule 37(a)(2)(A). (*See* ECF No. 64 at 4:6-8.) The Court interprets Plaintiff's intent to be a reference to Rule 37(a)(3)(A), which states: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." In addition, Plaintiff's reference to Rule 27(a) (*see* ECF No. 64 at 4:6-11) appears misplaced. The Court believes Plaintiff intended to refer to Rule 26(a).

should not be permitted to use any of the documents it has failed to produce to aide its case. Plaintiff further contends additional sanctions are appropriate in the form of the attorney's fees incurred by Plaintiff in connection with the instant motion.

**A.    Document Production**

The Court's first task is to determine whether Defendant should be compelled to produce the "phone bills" sought by Plaintiff. Contrary to the position taken by Plaintiff in the meet and confer process and in the instant motion, the phrase "phone bills" *is* ambiguous. On one hand, Defendant apparently interprets the phrase narrowly and suggests that production of its monthly invoices from its phone providers would comply with the Court's order. (ECF No. 64-1 at 4.) On the other hand, Plaintiff interprets the phrase much more broadly. Indeed, during the meet and confer process Plaintiff referenced court orders in other cases requiring Capital One to provide two years of phone bills, totaling 100,000's of pages, and Chase to produce a year's worth of phone bills. (*Id.* at 4-5.) It is not readily apparent to the Court the intent of Judge McCurine's order. The Court's order is also ambiguous as to the intended time period.

Given the ambiguity in Judge McCurine's order, a proper starting point is to determine the relevancy of the requested discovery. The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

///

However broadly defined, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). The party resisting discovery bears the burden of demonstrating that the requested discovery is not relevant. *See Brady v. Grendene USA, Inc.*, 2012 U.S. Dist. LEXIS 173384, at *5 (S.D. Cal. Dec. 5, 2012) (citing *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010)).

Here, the Court concludes Defendant's phone bills are only relevant to the extent they contain evidence of Defendant's telephone communications with Plaintiff. As stated above, Plaintiff alleges in the Second Amended Complaint that Defendant's agents made "about a dozen calls" to Plaintiff that were abusive or otherwise improper. (ECF No. 44 at 6:21-22.) Thus, any portions of Defendant's phone bills that identify incoming calls from Plaintiff or outgoing calls to Plaintiff are relevant to these proceedings. However, the Court sees no reasonable basis for requiring Defendant to produce phone records pertaining to calls made to third parties where such calls have nothing to do with Plaintiff's allegations in this case which, the Court is quick to recognize, is not a putative class action. Indeed, such third party calls are not "relevant to any party's claim or defense," FED. R. CIV. P. 26(b)(1), and Plaintiff has not demonstrated how they are "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Defendant's meet and confer proposal to produce call logs for phone numbers associated with Defendant is insufficient. Presumably, the calls logs will match the phone bill records perfectly. However, production of the phone bills offers Plaintiff a second, independent source of verifying the number of phone calls at issue.

The Court notes that the Second Amended Complaint alleges Defendant placed phone calls to Plaintiff to more than one phone number. Thus, to the extent Plaintiff has not already done so, Plaintiff shall provide Defendant with a list of all telephone numbers

associated with phones on which Plaintiff received any calls from Defendant or made any calls to Defendant.

Finally, only Defendant's phone bills covering the period of January 2012 through June 2012 shall be produced. As the Second Amended Complaint alleges, all relevant calls occurred during this time period. Thus, Defendant should not be required to produce phone records for periods of time during which Plaintiff admittedly did not receive or make any calls.

The Court does not find persuasive Plaintiff's argument during the meet and confer process that in other cases Capital One was ordered to produce two years of phone bills totaling 100,000's of pages and Chase was ordered to produce a year's worth of phone bills. Plaintiff fails to identify these cases in the instant motion, which makes it impossible for the Court to determine the applicability of those cases to the facts alleged in this case.

In addition, although Judge McCurine's order did not discuss whether the phone bills should be redacted, the Court finds that, prior to production, Defendant shall redact all third party telephone numbers and other third party identifying information. As stated above, such information is not relevant to Plaintiff's claims in this case. Plaintiff has failed to justify her meet and confer demand for unredacted phone bills. In addition, Defendant shall not be required to produce pages of phone bills that do not contain any reference to calls to Plaintiff's phone numbers. To require otherwise would force Defendant to incur needless costs in redacting pages having no relevance to this case.

**B.  Sanctions**

Plaintiff seeks two forms of sanctions. First, relying on Rule 37(c)(1), Plaintiff seeks to exclude Defendant from using, in defending this case, any documents it has failed to produce. Second, relying on Rule 37(a)(5)(a), Plaintiff seeks to recover $3,150 in attorney's fees incurred in attempting to resolve the instant dispute.

/ / /

/ / /

### 1. Exclusion of Evidence

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Id.* (quoting FED. R. CIV. P. 37 advisory committee's note (1993)). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Id.* (citing FED. R. CIV. P. 37(c)(1)). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Id.* at 827 (citing *Yeti by Molly*, 259 F.3d at 1107). Moreover, because of the automatic nature of this sanction, courts are not required to make a finding of willfulness or bad faith prior to excluding evidence. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

"[P]articularly wide latitude [is given] to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).

/ / /

The Ninth Circuit has established a five-factor test for determining whether sanctions are appropriate under Rule 37(c)(1): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.3d 652, 656 (9th Cir. 1990) (quoting *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)).

The Court initially concludes that exclusionary sanctions are not warranted. Defendant's failure to produce documents pursuant to Judge McCurine's order was substantially justified. Despite Defendant's failure to address the merits of this issue in the joint motion or in a subsequent response, a review of the exhibits attached to the motion indicates that Defendant raised the same concerns, previously addressed by the Court in this order, questioning the vagueness and ambiguity of Judge McCurine's order. Because there were legitimate concerns regarding the scope of Judge McCurine's order, Defendant was substantially justified in failing to disclose the information. Thus, preventing Defendant from utilizing its phone bills is not appropriate under these circumstances.

Accordingly, the Court, in its discretion, **DENIES** Plaintiff's Rule 37(c)(1) request that Defendant be precluded from using its phone bills in defending this case.

**2.    Attorney's Fees**

Rule 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

As discussed above, judicial clarification of Judge McCurine's order was necessary to limit the disclosure of phone bills to only include those records pertaining to incoming calls from Plaintiff and to outgoing calls to Plaintiff. In addition, the Court has imposed a further limitation on the time period relevant for disclosure, as well as further guidance regarding the necessity to redact third party information prior to the disclosure of Defendant's phone bills. Because of these legitimate issues which required further refinement of Judge McCurine's order, Defendant's nondisclosure was substantially justified, and the circumstances surrounding this dispute made an award of expenses unjust. Thus, the Court, in its discretion, **DENIES** Plaintiff's request for attorney's fees.

### III. CONCLUSION

Based on the foregoing analysis IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel Defendant to produce its phone bills is **GRANTED** on the conditions set forth above. Defendant shall produce redacted copies of those portions of its phone bills from January 2012 through June 2012 that identify incoming calls from Plaintiff or outgoing calls to Plaintiff. Defendant's production shall occur on or before **April 11, 2014**.

2. On or before **April 4, 2014**, Plaintiff shall provide Defendant with a list of all telephone numbers associated with phones on which Plaintiff received any calls from Defendant or made any calls to Defendant.

3. Plaintiff's motions for exclusionary sanctions under Rule 37(c)(1) and for attorney's fees under Rule 37(a)(5)(A) are **DENIED**.

**IT IS SO ORDERED.**

DATED: March 27, 2014

DAVID H. BARTICK
United States Magistrate Judge