# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA DE LA TORRE,<br><br>                    Plaintiff,<br>  vs.<br><br>LEGAL RECOVERY LAW OFFICE, et al.,<br><br>                    Defendants. | CASE NO. 12cv2579-LAB (WMc)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**[DOCKET NUMBER 38]** |

Plaintiff Marta De La Torre, proceeding through by counsel, filed her complaint in this case bringing federal and state claims arising out of a state court lawsuit that she claims was an unlawful debt-collection effort. Defendants moved to dismiss (Docket no. 19), and to strike pursuant to California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16 (Docket nos. 21, 22), and their motions were granted in part. (Docket no. 30, "Order Striking Claims".)

As requested in the motions, the complaint was dismissed, but not with prejudice as to all claims; De La Torre was given leave to amend if she thought she could do so successfully. The order identified various deficiencies in the complaint. De La Torre then filed her amended complaint (Docket no. 31), omitting all claims against Defendants David Cotter and Mark Walsh. The parties jointly moved to dismiss Cotter and Walsh as parties (Docket no. 32), which was later granted. (Docket no. 42). Cotter and Walsh then moved

/ / /

for attorney's fees (Docket no. 38), which are available to defendants who prevail on an anti-SLAPP motion to strike. That motion is the subject of this order.

De La Torre opposes the motion on three grounds. First, she argues that the parties had privately agreed that because Cotter and Walsh joined in the motion to dismiss themselves, they have no standing to bring a fee motion. Second, she argues they did not prevail on their motion to strike. And third, she argues the requested fees are unreasonable.

**Legal Standards**

An anti-SLAPP motion can only be used to strike claims brought under California law, not federal claims. *See Globetrotter Software v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal., 1999).

Under § 425.16(c)(6), a prevailing defendant is entitled to attorney's fees; an award of fees is mandatory, not discretionary. *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). The questions for the Court, therefore, are whether Cotter and Walsh are prevailing defendants as contemplated by the statute, and if so, what a reasonable fee award should be. *See id.* (approving use of lodestar method of calculating reasonable attorney's fees). Such a fee award is authorized only for a defendant prevailing on an anti-SLAPP motion; if the defendant prevails on an ordinary motion to dismiss, fees are not authorized. *See Metabolife Int'l, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1221–24 (S.D.Cal. 2002).

A prevailing defendant is entitled only to an award of reasonable attorney's fees and costs. *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (Cal. App. 2 Dist. 1995). The determination of reasonable fees lies within the Court's discretion. *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (Cal. App. 4 Dist. 2006). Fees are awarded both for bringing the motion to strike, and also for bringing a motion to enforce the right to mandatory fees. *Ketchum*, 24 Cal. 4th at 1141.

**Whether Cotter and Walsh Are Entitled to a Fee Award**

Cotter and Walsh unquestionably prevailed on their motion. As the Order Striking Claims pointed out, De La Torre's Rosenthal Act claims against them were improper, because there is no state law cause of action against individual attorneys, and the tort claims

against them, as pleaded, were barred by the litigation privilege. Their motion nominally sought only to strike state law claims, not federal claims; those were the subject of the motion to dismiss. And, as noted, federal claims cannot be stricken under the anti-SLAPP statute anyway. After the motion was successful, De La Torre effectively dismissed all claims against Cotter and Walsh, by omitting them as defendants in the amended complaint. No motion to strike was pending at the time.

The joint motion to dismiss Cotter and Walsh as parties gave no explanation for the dismissal, but stipulated that they should be dismissed with prejudice. De La Torre argues that because Cotter and Walsh were dismissed as parties, they lack standing to move for fees. This argument is supported by her attorney's declaration, stating that he understood that after the joint motion to dismiss was filed, the fee motion would be withdrawn. What De La Torre is describing is not lack of standing, however, but a private stipulation by the parties about the applicable law and what the parties agreed between themselves to do. Whatever the parties' understanding of the law may have been, it was not reduced to writing and there is no signed agreement to this effect. Moreover, the Court never adopted any such view of the law. De La Torre's contention that the Court approved this stipulation (Opp'n at 2:5–12) is incorrect.[1]

The status of dismissed parties is not directly addressed by any federal rule. While they no longer have an ongoing stake in the action and are no longer expected to take part in it, their status is not the same as those who have never been part of the suit. They do retain some interest in what occurred in the suit before their dismissal, and sometimes even

---

[1] De La Torre's opposition repeatedly refers to the joint motion to dismiss as a "stipulation," and argues that it resolved various issues, such as whether she needed to first seek leave in order to file an amended complaint. (Opp'n at 3:21–24.) This is wrong on several levels. The parties cannot bind the Court by stipulations between themselves. Stipulations are not binding on the Court unless approved. Civil Local Rule 7.2(a). Second, all stipulations intended to be binding on the Court must be filed as joint motions, not as stipulations. Civil Local Rule 7.2(b); Administrative Policies and Procedures Manual, § 2(f)(4). Finally, the joint motion said nothing about whether Cotter and Walsh could bring a fee motion and did not purport to resolve any issues other than the dismissal of claims and of Cotter and Walsh as defendants.

events occurring after their dismissal, if those events have a direct effect on their rights. As such, they have standing to seek to vindicate violations of their interests. *See, e.g., Brown v. Board of Bar Examiners of State of Nev.*, 623 F.2d 605, 608 (9th Cir. 1980) (dismissed defendants had standing to appeal from an order that appeared to enjoin them). *See also Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 194 n.2 (3d Cir. 1990) (non-party company whose assets were encumbered by court order had standing to appeal). Here, the fact that Cotter and Walsh earlier incurred attorney's fees in order to file their anti-SLAPP motion suffices to give them standing to bring a motion to recover those fees.

The argument that dismissed defendants lack standing to move for fees under § 425.16(c) is also incorrect. California courts agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees. *See Liu v. Moore,* 69 Cal. App. 4th 745, 753 (Cal. App. 2 Dist. 1999); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (Cal. App. 4 Dist. 1998). Here, however, Cotter and Walsh prevailed on the motion to strike before they were dismissed. *See also Carpenter v. Jack in the Box Corp.*, 151 Cal. App. 4th 454, 460, 468 (Cal. App. 2 Dist. 2007) (holding that a defendant prevailing on an anti-SLAPP motion to strike could move for fees at any time until entry of judgment).

While the Order Striking Claims gave De La Torre leave to amend, it did point out certain irreparable defects in her claims, among which were the facts that Cotter and Walsh were not debt collectors for purposes of California's Rosenthal Act. Furthermore, even though De La Torre might have amended her state tort claims, the Court pointed out Cotter and Walsh were entitled to rely on California's litigation privilege as a defense against those (or any other) state claims. She was told she could only amend her state tort claims against Cotter and Walsh successfully if she could show they made phone calls to her in a manner unrelated to litigation. Nothing in the original complaint suggested she could do this, and the prospect seemed unlikely.

/ / /

/ / /

De La Torre's opposition claims it was open to question whether she could

successfully amend, although she does not say whether she thinks she could have amended her state law claims against Cotter and Walsh (Opp'n, at 3:26–4:3.) But if there are facts she could have alleged to correct the defects the Court pointed out in those claims, she has not said what those are, and it is difficult to imagine what they might be.

In short, by bringing a successful anti-SLAPP motion, Cotter and Walsh obtained as much relief as they could have.  The Court therefore concludes that Cotter and Walsh are prevailing defendants within the meaning of the anti-SLAPP statute and are entitled to an award of reasonable fees for bringing the motion. *See City of Colton v. Singletary*, 206 Cal. App. 4th 751, 782 (Cal. App. 4 Dist. 2012) (explaining that a defendant who prevails even in part on an anti-SLAPP motion should be considered a prevailing party unless the results were so slight that the defendant achieved no practical benefit from it).

**Reasonable Fee Award**

The parties agree that if fees are awarded, the Court should use the lodestar method. Using this method, the Court first determines what the basic fee for comparable services would be in this community, and then adjusts that fee according to various factors. *Ketchum*, 24 Cal.4th at 1132.

Counsel for Cotter and Walsh, Hunter Hoestenbach, claims 16.99 hours on the motion to strike and initial fee motion, and 4.08 on the fee reply. The analysis is complicated somewhat by the fact that he was working on two motions to strike. It resolves the problem by dividing general research and drafting time equally between the two motions, which is a reasonable solution. The breakdown of hours is set forth in Hoestenbach's declaration in support of the motion.  (Docket no. 38-2, at § 14.) The motion also points out other work related to the motion for which no claim is being made. (*Id.*, § 15.)  He claims an hourly rate of $300, for a total award of $6,321. He has made no claim for costs.

The Motion to Strike was nine pages long, and supported by declarations. Cotter and Walsh  joined  in  the  filing  of  a  reply  brief,  which  merely  addressed  the lateness of the
/ / /

1    opposition. The reply brief was insubstantial and achieved no benefit.[2] The motion for fees
2    was somewhat shorter, a mere four pages, and was supported by a declaration and four
3    exhibits. When De La Torre opposed it, Cotter and Walsh filed a reply brief, also four pages
4    long, supported by three exhibits.

5          The Court initially notes that the motion does not appear to be engaging in padding
6    of hours or rate. It is apparent Hostenbach has cut some of his hours, and has not asked for
7    the highest rate his documentation might support, but he has attempted to strike a balance.
8    The breakdown of tasks shows the time attributable to each task, and provides enough detail
9    that it is clear what he was doing, and that each task was reasonably necessary to bring the
10   fee motion. As one would expect, the fee motion required considerably less time.

11         The rate is based on Hoestenbach's experience, both as a lawyer generally, and as
12   a consumer lawyer. (Docket no. 38-2, §§ 9–12.) The motion cites both the Laffey Index and
13   the U.S. Consumer Law Attorney Fee Survey Report.  The former gives more general billing
14   rates, while the latter includes geographic area and practice area as factors. Hoestenbach
15   has averaged the two rates ($310) and request slightly less than this, $300 per hour.

16         The opposition is based on the allegations of De La Torre's counsel, Andre Verdun,
17   who cites his own experience and his conversations with a number of attorneys. In his
18   opinion, Hoestenbach should have spent 0.8 hours researching the anti-SLAPP motion,
19   using a Rutter guide, 1.5 hours drafting the motion, another 1.5 hours drafting and organizing
20   exhibits, 0.1 hours filing it and drafting proof of service, and 0.2 hours drafting the proposed
21   order, for a total of 4.1 hours. (Docket no. 49, at 5:22–28.)  He believes no fees are
22   authorized for any work on the fee motion, citing generally to *Hensley v. Eckerhart*, 461 U.S.
23   424 (1983) for this proposition, and arguing that § 425.16 "is not a fee shifting statute."

24         Without belaboring these issues, it is sufficient to point out that § 425.16 **is** a fee-
25   shifting statute, *Hensley* **does not** stand for the proposition for which it is cited, and
26   / / /

27   ―――――――――――
28       [2] The opposition, curiously, claims no reply brief was drafted or filed. (Docket no. 49 at 5:3–5.)

California law **does** provide that a fee award should also include fees for bringing the fee motion. *Ketchum*, 24 Cal. 4th at 1141.

The Court also disagrees with the time estimates the opposition provides. Unless the area of law is simple and the lawyer is familiar with it, spending less than an hour researching a substantial nine-page motion would likely amount to malpractice. Responsible attorneys would, among other things, take time to read the complaint, consult with their clients about the truth of the allegations, and conduct adequate research. Spending three hours drafting declarations, obtaining clients' signatures, and drafting and organizing the order (including the motion, memorandum, and exhibits) is likewise unrealistic, even if one is drafting a similar motion at the same time. While it may be possible for some attorneys to move at such speed and still maintain professional standards, most cannot.

The opposition also argues that the motions to strike brought by Cotter and Walsh on the one hand, and several other Defendants on the other, were "nearly identical," and "the issues were identical," they should have been brought as a single motion. (Docket no. 49 at 6:14–5.) It argues that the fees "should be allocated by the number of defendants represented." (*Id.* at 6:25–26.)

This is erroneous on multiple levels. First, as noted, the common research and drafting tasks were allocated, and were not double-billed as the opposition claims. Second, the two motions to strike are based on different fact patterns, unique to the two sets of Defendants. Even a cursory review of the two motions reveals this. (*Compare, e.g.*, Docket no. 22-1 (Cotter's and Walsh's motion) at 5:13–6:3 (discussing Cotter's and Walsh's alleged communications with De La Torre) *with* Docket no. 21-8 (other Defendants' motion) at 8:8–20 (discussing other Defendants' alleged communications with De La Torre).) While it would have been possible to bring the two motions as one, it certainly was not necessary, and bringing them separately resulted in clearer briefing. Furthermore, even though all Defendants were represented by the same attorney, they are not each expected to sacrifice their own interests for the good of other Defendants, nor may the attorney do that for them without their consent. In other words, the second group of Defendants was not required to

foot the bill for the anti-SLAPP research and then allow Cotter and Walsh to use it for free (and, in turn, pass along the discount to De La Torre).  In effect, this would mean the other Defendants would be paying the price for De La Torre's anti-SLAPP violations. Hoestenbach of course may not bill twice for the same work, but he has not done that; rather, he divided the bill down the middle. In short, the Court rejects the opposition's arguments about how Hoestenbach should have handled Cotter's and Walsh's anti-SLAPP motion.

Verdun also questions Hoestenbach's claimed rate of $300, relying on his own experience and an affidavit filed by a different lawyer in a different case,[3] *Stromme v. Legal Recovery Law Offices*, 11cv2608-BEN (JMA). Verdun was counsel for the plaintiff in that case, and the affidavit was submitted by his party opponent, in an effort to show that Verdun's claimed rate of $300 was unreasonably high. (*See generally* Docket no. 31 in case 11cv2608 (Order granting attorney's fees).) At the time, Verdun had a mere two years of experience in the practice of law, and an hourly rate of $300 was found to be reasonable. The lawyer making the declaration that Verdun has submitted had been practicing just over three years, and had been practicing in debt collection cases for approximately a year and a half. His declaration says he was actually paid from $200 to $225 per hour.  At the time he filed his anti-SLAPP motion in this case, Hoestenbach had been in practice for seven years, significantly longer than either Verdun or the lawyer whose declaration Verdun has submitted, although he had only practiced consumer law for one year.

Verdun's declaration says that plaintiffs' attorneys who practice consumer law are paid more than defense attorneys, because they take cases solely on contingency and assume more risk. But the factors used in adjusting the lodestar take that into account already. *See Ketchum*, 24 Cal.4th at 1132 (noting that fees calculated using the lodestar method should generally be increased in contingency cases, to account for risk). Whatever a reasonable rate for legal services would be in a given case, it is used to calculate the lodestar. Then,

---

[3] The affidavit is attached to the opposition, and De La Torre has filed a separate request for judicial notice of the declaration. (Docket no. 50.) At the time of that filing, the declarant lawyer had been licensed for approximately three years and five months.

after the lodestar is calculated, that amount is increased to account for contingent risk, or not increased if there is no contingent risk. Raising or lowering the reasonable rate before the lodestar is calculated, in the manner Verdun advocates, would result in a double accounting; defense counsel would have their rates cut and later would be ineligible for an enhancement, and plaintiffs' counsel would have their rates increased to account for contingent risk and later receive an enhancement for the same contingent risk.

In short, the Court finds De La Torre's arguments unconvincing. Based on the representations of both parties, awards in similar cases, and the Court's own experience, the Court determines that the requested hourly rate of $300 and the requested 21.07 hours are both reasonable for preparing and filing briefing on both the anti-SLAPP motion and the fee motion. It should be remembered that De La Torre's opposition to both motions contributed to the amount of work required, and responding to the opposition required a higher degree of skill than is expected of a novice lawyer. The Court has taken these into account, and finds no reason for any adjustment, either upward or downward. *See Ketchum*, 24 Cal. 4th at 1132.

**Conclusion and Order**

For the reasons set forth above, Cotter's and Walsh's motion for attorney's fees is **GRANTED**, and they are awarded $6321.00 in fees.

**IT IS SO ORDERED**.

DATED: September 12, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge